IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01258-EWN-OES

JOHN P. LEARY,

Applicant,

vs.

H.A. RIOS, JR., WARDEN,

Respondent.

RECOMMENDATION FOR DENIAL OF PRELIMINARY INJUNCTION

**Entered by O. Edward Schlatter, United States Magistrate Judge**

This matter is before the court based on the applicant's motion seeking a preliminary injunction concerning the Federal Bureau of Prison's ("BOP") termination of the Intensive Confinement Center ("ICC") program as applied to the applicant. Pursuant to the General Order of Reference, filed August 29, 2005, this matter has been referred to me under 28 U.S.C. § 636(b)(1)(B) and D.C.Colo.LCivR 72.1 for purposes of preparing a Recommendation.

The applicant's right to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72."

## BACKGROUND

Applicant is a federal prisoner incarcerated at the BOP facility in Florence, Colorado. He has filed a *pro se* Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"). Together with the Application, applicant has requested that this court

issue a preliminary and permanent injunction to prevent the BOP from terminating the ICC program which would allow for graduated release for inmates involved in the program.

## DISCUSSION

In connection with his request for a preliminary or permanent injunction, applicant has neglected to abide by Fed.R.Civ.P. 65(a) and the applicable Local Rule of the District of Colorado, D.C.Colo.LCivR 65.1.

Rule 65(a)(1) clearly states that "[n]o preliminary injunction shall be issued without notice to the adverse party." Even the provisions of Rule 65(b), which allows for the *ex parte* issuance of a temporary restraining order, states, in part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.

Applicant has made no indication to the court that he has given notice or attempted to give notice to the respondent of this motion, nor has he certified reasons as to why notice should not be required. The record in this matter demonstrates no proof of service on file with regard to applicant's current motion. The rules governing proceedings in habeas cases provide only that the court direct the respondent to file an answer, motion or other response to the Application, and for the clerk to serve a copy of the Application and any order upon the respondent. See Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.[1] Accordingly, applicant is responsible for ensuring

---

[1] The Rules Governing Section 2254 Cases are made applicable to Applications under § 2241 by Rule 1(b) of the Rules Governing Section 2254 Cases.

that the respondent is given notice of the request for preliminary or permanent injunction contained in his motion. To date, he has provided no evidence that he has done so.

Finally, in regard to *ex parte* motions, Local Rule 65.1(A)(2) provides that the court will not consider such a motion unless the requirements of Rule 65(b) have been met. Applicant has failed to do so with regard to attempts at giving notice or why notice should not be required. Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). The court should not be the *pro se* litigant's advocate. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, applicant's motion should be denied.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that the applicant's Motion Preliminary Injunction [Filed July 8, 2005; Docket #3] be **DENIED**.

DATED at Denver, Colorado, this 31st day of August, 2005.

BY THE COURT:

s/O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).