IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01258-EWN-OES

JOHN P. LEARY,

Applicant,

v.

H. A. RIOS, Jr.,

Respondent.

## ORDER

**ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER**

Applicant has filed a request that the court compel the BOP to allow the applicant access to the law library, his legal paperwork, and typing supplies. Applicant, however, provides no authority for this request. In the alternative, applicant requests appointment of counsel.

This lawsuit is one for habeas relief under 28 U.S.C. § 2241. As a general rule, challenges to the legality of custody or execution of a sentence are cognizable[1] under 28 U.S.C. § 2241. McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811 (1997). The allegations of the applicant in this regard concern conditions of confinement, and are not appropriately considered in this action.

The right to counsel guaranteed under the Sixth Amendment applies only to

---

[1] Cognizable means, "capable of being tried or examined before a designated tribunal." BLACK'S LAW DICTIONARY 259 (6th ed. 1990).

criminal proceedings. Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 821 n. 29 (10th Cir. 1995).  Habeas corpus proceedings are civil in nature, not criminal.  Id. (*citing* Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  Therefore, no constitutional right to counsel exists in habeas proceedings.  Tapia v. Lemaster, 172 F.3d 1193, 1196 (10th Cir. 1999) (*citing* McCleskey v. Zant, 499 U.S. 467, 495 (1991)).  However, if the interests of justice so require, a habeas applicant who is financially unable to obtain representation may be appointed counsel under the Criminal Justice Act.  See 18 U.S.C. § 3006A(a)(2)(B).  Whether to appoint counsel is within the district court's sound discretion.  Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001), *cert. denied*, 535 U.S. 1001 (2002).

The record herein does not demonstrate that the interests of justice warrant appointment of counsel.  Having considered the current record in this case, the court finds that the plaintiff is able to present his case adequately.  The factual and legal issues raised in this case are not so numerous or complex that the plaintiff is unable to present his case adequately at this stage of the litigation.

Accordingly, applicant's letter request [Filed September 22, 2005; Docket #18] is **DENIED**.

Dated at Denver, Colorado, this 23rd day of September, 2005.

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge